UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRANDON MODGLIN,            )
                           )
          Petitioner,       )
                           )
     v.                     )  Cause No.  1:23-cv-01189-JRS-CSW
                           )     [1:19-cr-00074-JRS-TAB]
UNITED STATES OF AMERICA,   )
                           )
          Respondent.       )

**RESPONSE IN OPPOSITION TO 28 U.S.C. § 2255 MOTION**

This Court should deny Brandon Modglin's motion filed under 28
U.S.C. § 2255. Modglin's claim that his conviction is no longer valid under
*Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019) is procedurally
defaulted, and in all events meritless because his conviction complied with
*Rehaif*—he pleaded guilty after *Rehaif* was decided.

Modglin also claims that his attorney was ineffective at his
resentencing. But his claims of deficient performance are undeveloped and
therefore waived. In any event, his attorney performed competently and
Modglin can show no resulting prejudice. Thus, his ineffective assistance of
counsel claims fail.

# BACKGROUND[1]

## *Modglin's Criminal Conduct*

The facts of Modglin's crime, as reported in his initial presentence investigation report and the one prepared for resentencing, are as follows:

> On February 19, 2019, officers with the Indianapolis, Indiana, Metropolitan Police Department (IMPD) were dispatched to a residence to investigate a suspicious vehicle. The caller informed police a silver/gray Ford vehicle had been running for over 30 minutes and was blocking their driveway. The caller stated the vehicle appeared to be unoccupied.
>
> Upon arrival, officers approached the Ford vehicle, which was stopped in the middle of the roadway with the engine actively running. Officers illuminated the vehicle's interior with a flashlight and discovered the defendant slumped over in the driver's seat and unresponsive. After officers repeated unsuccessful attempts to get the defendant's attention, Modglin suddenly awoke.
>
> At that time, an officer observed a silver and black semiautomatic handgun laying on Modglin's lap (groin area). Officers immediately ordered Modglin to get up and not attempt to reach for the weapon. Officers were able to briefly distract Modglin and secure him and the handgun. The handgun on the defendant's lap was a Smith and Wesson .40 caliber semiautomatic handgun, which was loaded with 10 live rounds of ammunition. Once Modglin was removed from the vehicle and searched for weapons, officers located a second handgun, a Walter P22, .22 caliber semiautomatic handgun. Police then asked Modglin if he had a license to carry a handgun and he stated, "NO".

---

[1] References to "Crim. D." refer to the docket in Modglin's criminal case that was assigned cause number 1:19-cr-00074-JRS-TAB. References to "D." refer to the docket in this civil post-conviction case.

As an officer spoke with the defendant, he showed signs of intoxication, including slurred and unintelligible speech, glassy bloodshot eyes, unsteady balance, confusion and disorientation. Modglin was also sweating profusely (with an outside temperature of 26 degrees) and his pupils were extremely dilated. Emergency Medical Services (EMS) was requested to the scene to evaluate Modglin. EMS assessed the defendant and determined he was under the influence of an intoxicant.

During the investigation, IMPD officers learned that the Smith & Wesson handgun had been reported stolen. Additionally, officers obtained the defendant's criminal history and learned he had prior felony convictions, including ones for strangulation, under cause number 49G01-1502-F5-006558, and dealing methamphetamine, under cause number 49G21-1607-F2-025352, out of Marion County, Indiana. The defendant was taken into custody at that time.

(Crim. D. 42 at ¶¶ 6-10; Crim. D. 65 at ¶¶ 8-12.)

### Charges, Guilty Plea, and Sentencing

In 2019, Modglin was charged in an indictment with two counts of

unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1). (Crim. D. 1.) Andrew Borland was appointed to represent

Modglin. (Crim. D. 15.)

Modglin's indictment read in pertinent part:

On or about February 19, 2019, within the Southern District of Indiana, Indianapolis Division, the defendant, BRANDON MODGLIN, did knowingly possess in and affecting commerce a firearm, to wit: a Smith and Wesson .40 caliber semiautomatic handgun, serial number FYY0460, after having been convicted of one or more felony crimes punishable by imprisonment for a term exceeding one (1) year, to wit:

3

a. Possession of Methamphetamine a Level 6 felony in Marion County (Indiana) under cause number 49G21-l 712-F4-047401, on or about July 17, 2018; and/or

b. Fraud a Level 6 felony in Boone County (Indiana) under cause number 06D01-1702-F6-000049, on or about August 11, 2017; and/or

c. Strangulation a Level 6 felony in Marion County (Indiana) under cause number 49G01-1502-F5-006558, on or about July 28, 2017; and/or

d. Dealing in Methamphetamine a Level 2 felony in Marion County (Indiana) under cause number 49G21-1607-F2-025352, on or about February 1, 2017; and/or

e. Theft a Class D felony in Owen County (Indiana) under cause number 60C01-l 101-FD-000028, on or about February 29, 2012; and/or

f. Battery Resulting in Serious Bodily Injury a Class C felony in Marion County (Indiana) under cause number 49G04-0909-FC-082516, on or about December 18, 2009; and/or

g. Theft a Class D felony in Marion County (Indiana) under cause number 49G04-0909-FD-083153, on or about December 18, 2009,

in violation of Title 18, United States Code, Section 922(g)(l). (Crim. D. 1.)

Following his indictment, the Supreme Court decided *Rehaif v. United States*, which found that a defendant must know he had the relevant status when he possessed the firearm. 139 S. Ct. at 2194.

After *Rehaif*, in July 2020, without a plea agreement, Modglin filed a petition to enter a plea of guilty. (Crim. D. 41.) In the petition, Modglin stated that he had read the indictment and discussed it with his attorney, and that he understood the charges against him. (Crim. D. 41, ¶ 3.)

4

On September 15, 2020, the United States filed a factual basis. (Crim. D. 45.) It included, as described in the indictment, Modglin's prior convictions that were punishable by more than one year of imprisonment. (Crim. D. 45 at 2-3.) The factual basis also provided that "At the time that MODGLIN possessed the Smith and Wesson .40 caliber semiautomatic handgun and the Walther .22 caliber semiautomatic handgun, MODGLIN knew that he had been previously convicted of a crime punishable by more than one year of imprisonment." (*Id.* at 3.)

On September 16, 2020, a combined plea and sentencing hearing was held. (Crim. D. 56.) At the hearing, the Court reviewed the elements of the § 922(g)(1) offense:

> COURT:    Specifically, to sustain the offense charged in both Count 1 and Count 2 to which you propose to plead guilty, the government would have to prove beyond a reasonable doubt, one, that you knowingly possessed a firearm; two, that prior to the date of possession, the firearm had been shipped or transported in interstate or foreign commerce; three, that prior to the date of possession, you had been convicted of a crime that was punishable by a term of imprisonment of more than one year; and ***four, that you knew that you had been convicted of a crime punishable by imprisonment for more than one year***. Has that all been explained to you?

> THE DEFENDANT: Yes, sir, it has.

> THE COURT: Do you understand that?

> THE DEFENDANT: I do.

5

(*Id*. at 17-18, emphasis added.)

Modglin also acknowledged that he had read the factual basis filed by the government the previous day. He confirmed that the facts contained in the factual basis were true, "everything is true," and entered pleas of guilty to the two gun charges. (*Id*. at 19-20, 23.)

The Court accepted the guilty pleas, finding Modglin to be "fully competent and capable of entering an informed plea," that Modglin was "aware of the nature of the charge and the consequences of the plea, and that his pleas of guilty are knowing and voluntary pleas supported by an independent basis in fact, containing each of the essential elements of the offense." (*Id*. at 24.)

Modglin's guideline range was 92 to 115 months' imprisonment. (Crim. D. 56 at 45; Crim. D. 65 ¶ 91.) The Court sentenced him to an aggregated sentence of 110 months' imprisonment (55 months on each count served consecutively), and three years' supervised release. (Crim. D. 56 at 64-65; Crim D. 47.)

### *Appeal and Resentencing*

Modglin appealed. *United States v. Modglin*, No. 20-2834 (7th Cir. 2020). Upon a joint motion by the parties, the Seventh Circuit vacated the judgment and remanded so that the district court could merge the two convictions and resentence Modglin on a single gun conviction for his

possession of the two firearms. (Crim. D. 59, citing *United States v. Bloch*, 718 F.3d 638, 643 (7th Cir. 2013).)

Dominic Martin, with the Indiana Federal Community Defenders, was appointed to represent Modglin in the resentencing proceedings. (Crim. D. 60.) In preparation for resentencing, an amended presentence investigation report (PSR) was prepared. (Crim. D. 65.)

The resentencing hearing was held on August 30, 2021. (Crim. D. 84.) At the hearing Modglin confirmed that he had a physical copy of the amended PSR for more than 35 days. (*Id*. at 6.) His attorney confirmed that he and Modglin had read and discussed the PSR. (Id. at 8.)

Modglin's guideline range remained the same: 92 to 115 months' imprisonment. (*Id*. at 11.) Citing, among other things, Modglin's post-sentencing attempts at rehabilitation, Modglin's attorney argued for a sentence of 55 months' imprisonment. (*Id*. at 19.) Considering Modglin's extensive criminal history, the prosecutor argued for the same sentence of 110 months' imprisonment. (*Id*. at 23.)

The Court sentenced Modglin to 107 months' imprisonment, and three years' supervised release. (Crim. D. 84 at 31; Crim. D. 71.) In so doing, the court considered Modglin's post-sentencing attempts at rehabilitation. (Crim. D. 84 at 24, 26, 28.)

Modglin appealed but later moved to voluntarily dismiss the appeal, which the Seventh Circuit granted. (Crim. D. 75, 78, 92.)

### *28 U.S.C. § 2255 Motion*

On July 5, 2023, Modglin filed a timely motion under 28 U.S.C. § 2255. (D. 1.) He raises a claim under *Rehaif v. United States*, 588 U.S.__, 139 S. Ct. 2191 (2019), and ineffective assistance of counsel claims. (D. 1.)

## DISCUSSION

"Relief under § 2255 'is reserved for extraordinary circumstances.'" *Hays v. United States*, 397 F.3d 564, 566 (7th Cir. 2005) (quoting *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996)). The reason is straightforward: "because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

"Hence, relief is appropriate only for 'an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice.'" *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

## I.    Modglin's *Rehaif* Claim Is Procedurally Barred and Meritless Because His Post-*Rehaif* Guilty Plea Complied With *Rehaif*

### A.    Modglin's Has Procedurally Defaulted the *Rehaif* Claim He Advances Here

Modglin's claim is procedurally defaulted because he failed to raise this claim in the district court (twice) or on appeal (twice).  *See Bousley v. United States*, 523 U.S. 614, 621 (1998); *Wainwright* v. *Sykes*, 433 U.S. 72, 85–86 (1977); *Murray v. Carrier*, 477 U.S. 478, 490–492 (1986); *Barnickel v. United States*, 113 F.3d 704, 705–06 (7th Cir.1997).

"A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) (citing *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009)); *see also Hale v. United States*, 710 F.3d 711, 713–14 (7th Cir. 2013) (a claim that is not raised in the trial court or on direct appeal is "doubly defaulted" on collateral review); *Massaro v. United Stats*, 538 U.S. 500, 504 (2003); *Bousley*, 523 U.S. at 622.

 Thus, he must show either (1) cause and prejudice or (2) actual innocence. *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) (citing *Bousley*, 523 U.S. at 622). Modglin can do neither.

### 1.    Modglin Cannot Show Cause and Prejudice

To excuse a procedural default for cause and prejudice, Modglin must demonstrate both (1) good cause for his failure to raise the defaulted claim

9

before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim. *Delatorre*, 847 F.3d at 843.

Modglin cannot do so. First, he cannot show cause. *Rehaif* was decided on June 21, 2019, well before Modglin's plea hearing held on September 16, 2020. He offers no explanation as to why he did not raise his claim sooner. And he was represented by counsel at the plea hearing and on direct appeal. Modglin fails to show cause.

Nor can Modglin show prejudice where the record clearly shows that his indictment and plea hearing satisfied the requirements of *Rehaif*.

In *Rehaif*, the Supreme Court held that, in a prosecution under 18 U.S.C. § 922(g), "the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200; *see United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020) (clarifying that *Rehaif* held only that the government must prove knowledge of status, not knowledge that one's status prevents one from possessing a firearm). The Seventh Circuit has acknowledged that, under *Rehaif*, indictments must include the knowledge of status element. *See Maez*, 960 F.3d at 958.

Modglin's indictment read in pertinent part:

> On or about February 19, 2019, within the Southern District of Indiana, Indianapolis Division, the defendant, BRANDON MODGLIN, did knowingly possess in and affecting

commerce a firearm, to wit: a Smith and Wesson .40 caliber semiautomatic handgun, serial number FYY0460, after having been convicted of one or more felony crimes punishable by imprisonment for a term exceeding one (1) year, to wit:

a. Possession of Methamphetamine a Level 6 felony in Marion County (Indiana) under cause number 49G21-l 712-F4-047401, on or about July 17, 2018; and/or

b. Fraud a Level 6 felony in Boone County (Indiana) under cause number 06D01-1702-F6-000049, on or about August 11, 2017; and/or

c. Strangulation a Level 6 felony in Marion County (Indiana) under cause number 49G01-1502-F5-006558, on or about July 28, 2017; and/or

d. Dealing in Methamphetamine a Level 2 felony in Marion County (Indiana) under cause number 49G21-1607-F2-025352, on or about February 1, 2017; and/or

e. Theft a Class D felony in Owen County (Indiana) under cause number 60C01-l 101-FD-000028, on or about February 29, 2012; and/or

f. Battery Resulting in Serious Bodily Injury a Class C felony in Marion County (Indiana) under cause number 49G04-0909-FC-082516, on or about December 18, 2009; and/or

g. Theft a Class D felony in Marion County (Indiana) under cause number 49G04-0909-FD-083153, on or about December 18, 2009,

in violation of Title 18, United States Code, Section 922(g)(l).

(Crim. D. 1.)

This language is similar to the language of a § 922(g) indictment that the Seventh Circuit found to be in keeping with *Rehaif*. *See Maez*, 960 F.3d at 965. In *Maez*, the Seventh Circuit found that "this language closely tracked

the statutes and has a reasonable construction that charges every element of a § 922(g) offense, even after *Rehaif*." *Id*. The court noted that the *mens rea* term "knowingly" "came at the start of a series," and that a "grammatically correct and natural readings of the text applies 'knowingly' to each of the subsequent clause." *Id*.

Even if the indictment was insufficient, the factual basis cured any error. (Crim. D. 45; Crim. D. 56 at 18-20.) The government's written factual basis made the *Rehaif* point, explicitly stating that Modglin knew at the time he possessed the firearms "that he had been previously convicted of a crime punishable by more than one year of imprisonment." (Crim. D. 45 at 3.) Modglin agreed that was correct. (Crim. D. 56 at 19-20.) Moreover, during his plea colloquy, Modglin demonstrated that he understood the essential elements of the crime and admitted to knowing he was convicted of one or more felony crimes punishable by imprisonment for a term exceeding one year. (Crim. D. 56 at 19-20.)

On this record, Modglin cannot show prejudice where there was no violation of *Rehaif*.

### 2. Modglin Cannot Show Actual Innocence

Nor can Modglin show actual innocence. The "actual innocence" exception requires the defendant to show that it was "more likely than not

that no reasonable juror would have convicted him." *Schlup* v. *Delo*, 513 U.S. 298, 327–328 (1995). *See also Masarik v. United States*, 630 F. App'x 630, 631 (7th Cir. 2016) (petitioner "could not plausibly contend, that his co-defendants' civil testimony establishes actual innocence in the sense that no reasonable factfinder could have convicted him; noting the evidence against the petitioner was "quite strong"). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Here, Modglin has no viable claim of factual innocence. *See Infra.*, Part B; *see also Schlup*, 513 U.S. at 328 ("The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.").

On this point, the law disfavors the viability of Modglin's claim: courts in this circuit have found similar *Rehaif* claims defaulted.*See, e.g., Lacey v. United States*, 2020 WL 3129438, at *2 (S.D. Ill. June 12, 2020); *United States v. Burgos*, 2020 WL 2098049, at *3 (N.D. Ill. May 1, 2020); *Floyd v. United States*, 2020 WL 374695, at *2–3 (N.D. Ill. Jan. 23, 2020).

And, again, Modglin pleaded guilty to a factual basis that met the statutory requirements under *Rehaif*. (Crim. D. 56 at 18-20, 23-24.) That

13

made sense: *Rehaif* was decided before his guilty plea (which is why none of this three attorneys ever mentioned a *Rehaif* violation).

Modglin procedurally defaulted these claims and has not established an exception to that default. This Court should reject his claim on that basis.

## B.    Default Aside, Modglin's *Rehaif* Claim Is Not Viable Under Seventh Circuit Precedent

Even if Modglin had not procedurally defaulted, his *Rehaif* claim cannot succeed under Seventh Circuit precedent.

In *Rehaif*, the Supreme Court determined that, "in a prosecution under 18 U.S.C. § 922(g), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. *Rehaif* stressed, however, that its holding did not run afoul of the maxim that "ignorance of the law [ ] is no excuse." *Id.* at 2198 (citing *Cheek v. United States*, 498 U.S. 192, 1999 (1991). In other words, § 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself.

Accordingly, as the Seventh Circuit has clarified, *Rehaif* does not require that a defendant know of the legal prohibition in § 922(g): "[I]gnorance of the statutory prohibition itself is not a defense." *Maez*, 960 F.3d at 955. *Rehaif* requires only that a defendant know his status—here, having a felony conviction that was punishable by imprisonment for a term

14

exceeding one year. *Id*. "[T]he burden of persuasion rests on the defendant seeking to withdraw his plea based on a *Rehaif* error." *United States v. Williams*, 946 F.3d 968, 973 (7th Cir. 2020). "To meet this burden, [Modglin] must show a reasonable probability that he would not have pleaded guilty if he knew of *Rehaif*." *Id*.

Modglin cannot carry this burden. As identified in the indictment and in the government's factual basis (to which Modglin agreed was true), his criminal history includes seven convictions punishable by imprisonment for a term exceeding one year. (Crim. D. 1; Crim. D. 45.) In addition, he spent at least 349 days (from April 13, 2011 through March 27, 2012) incarcerated in relation to his 2009 Indiana felony battery conviction. (Crim. D. 65 ¶ 38.) He spent 140 days incarcerated in relation to his 2012 Indiana felony theft conviction. (Crim. D. 65 ¶ 40.)

Given Modglin's criminal history, that includes stints of incarceration, he could not have introduced reasonable doubt that he was aware that he had previously been convicted of a felony punishable by imprisonment for a term exceeding one year. *United States v. Mancillas*, 789 F. App'x 549, 550 (7th Cir. 2020) (unpublished); *see also United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019) (indications in the PSR that defendant received two or more years in prison supported rejection of similar *Rehaif* claim).

15

Nor is that the only evidence against his *Rehaif* claim. The government's factual basis stated that he knew that he had been previously convicted of a crime punishable by more than one year of imprisonment. (Crim. D. 45 at 3.) And he agreed this was true at his plea hearing. (Crim. D. 56 at 19-20.) Also at the plea hearing, Modglin acknowledged his understanding that by pleading guilty he was admitting that he knew he had been convicted of a crime punishable for more than one year. (Crim. D. 56 at 18.)

Modglin is bound by the statements he made in open court. *Koons v. United States*, 639 F.3d 348, 352 (7th Cir. 2011) ("We treat sworn statements made in open court most seriously and demand that parties tell the truth."). His sworn statements at his Rule 11 hearing "are entitled to a presumption of verity." *United States v. Collins*, 796 F.3d 829, 834 (7th Cir. 2015). And, because courts treat those "sworn statements as conclusive," Modglin "has no chance of success." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). His sworn statements are not "trifles" that he can "elect to disregard." *Stewart*, 198 F.3d at 987.

This record clearly reflects that Modglin knew of his status as a felon and that he had been previously convicted of a crime punishable by more than one year. The admissions he offered at the plea hearing, as well as the

straightforwardness of his record as reflected in his indictment and PSR, doom his claim.

Modglin's guilty plea and conviction were valid. He has not offered anything to overcome his burden in this proceeding.

The Court should deny his *Rehaif* claim.

## II. Modglin Has Waived His Claims of Ineffective Assistance of Counsel by Failing to Develop His Arguments and Cite to the Record

As an initial matter, the Court should consider Modglin's ineffective assistance of counsel claims waived. Modglin's motion contains assertions, without supporting argument.

"A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Instead, "perfunctory and undeveloped arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (citing *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). All of Modglin's ineffective assistance of counsel claims are perfunctory.

Nor does Modglin provide record citations for his claims. "[A] party must develop its position by providing citation to the relevant portions of the record and supporting authority." *Long v. Teachers' Retirement System of Illinois*, 585 F.3d 344, 349 (7th Cir. 2009). Thus, "[a] party may waive an

argument by . . . [making an] assertion that lacks citation to record evidence." *Id.* (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 862 (7th Cir. 2005)).

True, *pro se* pleading are liberally construed. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) ("Pro se collateral review filings are construed liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, even under such liberal constructions, Modglin's ineffective assistance of counsel claims are waived. His claims are perfunctory and he fails to cite to the record. Neither the Court nor the United States should do so for him: "Judges are not like pigs, hunting for truffles buried in briefs." *Dunkel*, 927 F.2d at 956. Moreover, "[a]rguments raised for the first time in a reply brief are waived." *United States v. Wescott*, 576 F.3d 347, 354 (7th Cir. 2009) (citing *Porco v. Trustees of Indiana University*, 453 F.3d 390, 395 (7th Cir. 2006)).

In addition, Modglin's claims are refuted by the record. Thus, no viable factual dispute exists here because his claims are verifiably false. *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (district courts may deny post-conviction motions, without a hearing, when "the files and records of the case conclusively show that the prisoner is entitled to no relief.").

The Court should deny Modglin's ineffective assistance of counsel claims on this basis alone.

18

## III.    In Any Event, Modglin's Claim That Martin Provided Ineffective Assistance at Resentencing Has No Merit

Modglin claims that Martin provided ineffective assistance of counsel at resentencing when he "did not properly prepare or review or object to the PSI" and "did not provide [him] with proper defense strategy for resentencing." (D. 1 at 6.)

### A.    Ineffective Assistance of Counsel Standard

Modglin bears the burden of showing (1) trial counsel's performance fell below objective standards for reasonably effective representation and (2) this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011).

"With respect to the performance prong, [Modglin] must overcome the 'strong presumption that counsel's conduct falls within the range of reasonable professional assistance.'" *Wyatt*, 574 F.3d at 458 (quoting *Strickland*, 466 U.S. at 689). He must direct the Court to "specific acts or omissions." *Id*. The Court must then consider in light of all of the circumstances whether counsel's performance was outside the wide range of professionally competent assistance. *Id*.

In order to satisfy the prejudice component, Modglin must establish "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,*

466 U.S. at 694. It is not enough for a petitioner to show that "the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A petitioner must specifically explain how the outcome would have been different absent counsel's ineffective assistance. *Berkey v. United States*, 318 F.3d 768, 773 (7th Cir. 2003). A reasonable probability is one "sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

When a petitioner's conviction is based on a guilty plea, in order to show prejudice, he must demonstrate "a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Moreover, his claims must be viewed in context of his guilty plea. "Surmounting *Strickland*'s high bar is never an easy task." *Lee*, 137 S. Ct. at 1967 (citing *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). "[A]nd the strong societal interest in finality has 'special force with respect to convictions based on a guilty plea.'" *Id.* (quoting *United States v. Timmreck*, 441 U.S. 780, 784 (1979)). Thus, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.*

20

If Modglin fails to prove either *Strickland* prong, the Court need not address the remaining one. *Morales v. Johnson*, 659 F.3d 588, 600 (7th Cir. 2011).

### B.     Modglin Cannot Show that Martin Performed Deficiently or Any Resulting Prejudice

Modglin cannot demonstrate deficient performance or any resulting prejudice. He claims that Martin "did not properly prepare or review or object to the PSI." (D. 1 at 6.)

But Martin confirmed at the resentencing hearing that he and Modglin had read and discussed the PSR. (Crim. D. 84 at 7.) And Modglin confirmed that he had a physical copy of the PSR for more than 35 days. (*Id*. at 6.) Furthermore, a review of the resentencing transcript demonstrates that Martin was prepared for the resentencing and had reviewed the PSR. (Crim. D. 84, *generally*.)

In addition, Martin persisted with an objection made at Modglin's initial sentencing as to whether a prior Indiana conviction for dealing methamphetamine should be used under U.S.S.G. § 2K2.1(a)(2). Martin noted that while *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020) made clear it could be used, there was a circuit split on the issue and he preserve the objection in case *Ruth* is overruled. (Crim. D. 84 at 8-9.) Thus, the record

contradicts Modglin's allegation that Martin did not object to the PSR. And Modglin does not identify what other objections Martin should have raised.

Nor does Modglin explain in what way Martin failed "to provide [him] with proper defense strategy for resentencing." (D. 1 at 6.) It is difficult to imagine what defense strategy would have been available at resentencing where Modglin had enter a knowing and voluntary plea of guilty at his initial sentencing (while represented by a different attorney.) Modglin does not describe what Martin could or should have defended. Nor does he explain how his sentence was improperly determined. His statements of deficient performance alone do not demonstrate deficient performance.

Modglin's bald assertions of ineffective assistance are insufficient. *Blake v. United States*, 723 F.3d 870, 870 (7th Cir. 2013) ("A claim of ineffective assistance of counsel must be supported by objective evidence, not merely by the movant's own self-serving testimony.") (citation omitted).

Because Modglin cannot show deficient performance on the part of Martin, he cannot show any resulting prejudice. The record clearly shows that Martin provided reasonably effective representation and that Modglin was properly sentenced. (Crim. D. 84, *generally*.) And to be sure, Modglin does not identify any resulting prejudiced.

Thus, he cannot show a reasonable probability of a different result. Based in part on Martin's representation, Modglin received a three-month

sentence reduction at resentencing (a positive outcome). Certainly, he cannot show that the Court would have imposed a lower sentence had Martin taken some (unidentified) different strategy.

That should suffice to deny his claims—he has failed to carry his burden. *Strickland*, 466 U.S. at 688-94.

This Court should deny his motion.

## CONCLUSION

Modglin's motion for post-conviction relief should be denied.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:    s/ Brian Reitz
       Brian Reitz
       Assistant United States Attorney
       Office of the United States Attorney
       10 W. Market St., Suite 2100
       Indianapolis, Indiana 46204-3048
       Telephone: (317) 226-6333
       Fax: (317) 226-6125
       E-mail: brian.reitz@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 7, 2023, a copy of the foregoing was filed

electronically and that a copy was mailed the following business day, by first

class U.S. Mail, postage prepaid and properly addressed to the following:

Brandon Modglin
Reg. No. 16961-028
MARIANNA – FCI
Federal Correctional Institution
P.O. Box 7007
Marianna, FL 32447

s/ Brian Reitz
Brian Reitz
Assistant United States Attorney